**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Santiago VALDEZ, Defendant–Appellant.**

**No. 09–30261.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 11, 2011.

Filed June 2, 2011.

Marcia Kay Hurd, Esquire, Assistant U.S. Attorney, USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

David F. Ness, Assistant Federal Public Defender, FDMT–Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Santiago Valdez, pro se.

Before: GRABER and M. SMITH, Circuit Judges, and BENITEZ,* District Judge.

MEMORANDUM **

Santiago Valdez was convicted of failing to register as a sex offender in violation of 18 U.S.C. § 2250, upon traveling from Indiana to Montana in June 2007. The Supreme Court has held that § 2250 does

---

* The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

not apply to offenders whose interstate travel occurred prior to the effective date of SORNA. *Carr v. United States,* — U.S. ——, 130 S.Ct. 2229, 2232–33, 176 L.Ed.2d 1152 (2010). *United States v. Valverde,* 628 F.3d 1159, 1169 (9th Cir. 2010), held that SORNA's registration requirements became effective on August 1, 2008 for persons convicted of sex offenses prior to the statute's enactment. Valdez falls into this category because he was convicted of rape in Indiana in 1993.

Valdez's interstate travel as an unregistered sex offender took place in 2007. Because we are bound by our *Valverde* decision concluding that SORNA registration requirements were not in effect during 2007, we reverse his conviction. *Carr,* 130 S.Ct. at 2233.

**REVERSED AND REMANDED.**